THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KATHRYN FADEN, | ) | Case No. 2:04CV860 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM ORDER ADDRESSING PLAINTIFF'S |
| SAM'S WEST, INC. dba SAM'S CLUB, a division of Wal-Mart, Inc. | ) | MOTION TO RECONSIDER |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

On March 31, 2005 this Court found that Plaintiff Kathryn Faden had failed to carry her burden of showing honest mistake in failing to disclose her claim against Sam's Club in her bankruptcy proceeding. The Court entered an order denying her Motion to Substitute the Real Party in Interest and granting Defendant's Motion to Dismiss for Lack of Standing. On April 12, 2005, Plaintiff filed a Motion to Reconsider pursuant to Rule 54(b). She later recognized that this was an error, as a final judgment had been entered, making Rule 54(b) inapplicable. She has now asked the Court to construe her motion for post-judgment relief as a Rule 60(b)(1) motion. She has asked the Court to reconsider its ruling on the grounds that "the true and appropriate standard in this Circuit was never cited or applied by the Court and a manifest injustice will result if the present order continues."

## II.  DISCUSSION

**A.  Under *Jennings v. Marcellus Rivers*, Plaintiff's claim should be considered a Rule 60(b)(1) motion.**

Defendant has argued that Plaintiff's motion should be adjudicated under Rule 59(e), because it was filed within ten days after the entry of the Court's Order.  However, the Tenth Circuit, in the recent case of *Jennings v. Marcellus Rivers*, 394 F.3d 850, 855 (10th Cir. 2005), held that, "District courts should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not by the timing of the motion."  The *Jennings* court then stated that a motion seeking relief from judgment based on attorney mistake–the reason expressed by Plaintiff in this case–is grounds for relief under Rule 60(b)(1).  This Court will therefore consider Plaintiff's motion as a 60(b)(1) motion.

Although this court has "substantial discretion" to grant relief under Rule 60(b), such relief "is extraordinary and may only be granted in exceptional circumstances."  *FDIC v. United Pacific Ins. Co.,* 152 F.3d 1266, 1272 (10th Cir. 1998).  A party can show exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.  *Van Skiver v. United States,* 952 F.2d 1241, 1243-44 (10th Cir. 1991).

Plaintiff is requesting relief under Subsection (1) "mistake, inadvertence, surprise, or excusable neglect."  She claims two separate instances of attorney error.  First, Plaintiff argues that the Court's failure to find plaintiff "honest" is the result of attorney error rather than bad faith on Plaintiff's part.  Plaintiff told her bankruptcy attorney of the present cause of action and the attorney failed to include it in the petition for bankruptcy.  The second attorney error cited by Plaintiff is the absence of controlling authority in the attorneys' briefs.  Plaintiff states that

because Plaintiff's brief failed to refer to and explain the *Exposito* case and Defendant relied on rejected cases, the court's paradigm for judgment was altered. We will examine Plaintiff's second claim of attorney error first.

**B. Plaintiff's claim that the Court's paradigm for its ruling is based on the absence of controlling authority in the attorney's briefs and therefore must be changed, is without merit.**

This Court did not, as Plaintiff claims, "rel[y] in error on sister court cases which were rejected by the Tenth Circuit instead of relying on the mandatory authority analysis of Tenth Circuit precedent." The two sister court cases that the Plaintiff refers to are *Feist v. Consolidated Freightways Corp.,* 100 F.Supp.2d 273, 275 (E.D.Penn. 1999), *aff'd*, 216 F.3d 1075 (3rd Cir. 2000), and *Wieburg v. GTE Southwest, Inc.,* 272 F.3d 302 (5th Cir. 2001). The facts in these two cases are strikingly similar to the facts in the present case, and this Court found their reasoning persuasive.

The Tenth Circuit case which the Plaintiff argues is controlling in this case is *Esposito v. United States of America,* 368 F.3d 1272 (10th Cir. 2004). The *Esposito* case is factually distinct from the present case; it deals with an honest, though perhaps not understandable, mistake in incorrectly naming a deceased person as the plaintiff. After carefully considering that case, this Court found it to be irrelevant to its analysis, and therefore did not cite it. The *Esposito* case expressly rejected only the portion of *Feist* and *Wieburg* that requires a plaintiff seeking substitution to show that his mistake was "understandable" in addition to being "honest." Again, this aspect of those courts discussions was not relevant to the present case.

In the present case, the evidence indicated that Plaintiff was not being entirely honest when she failed to disclose her claim against Sam's club in her bankruptcy. Because the mistake

did not appear to be honest, the Court did not need to reach the *Esposito* analysis of whether it also had to be understandable.

Plaintiff was given ample opportunity, prior to the Court's decision, to provide evidence that her mistake was indeed honest. Her counsel chose not to file a timely reply to Defendant's memorandum, even after the Court called and requested one to assist it in making its decision. So the Court, relying on the facts that were before it, determined that Plaintiff's actions were not entirely honest, and that Rule 17(a) did not apply. Only now, after a final judgment has been entered, does Plaintiff present facts to the Court to support her assertion that her error was honest.

**C. Plaintiff's second claim of attorney error–that Plaintiff's bankruptcy attorney intentionally did not include this action in the bankruptcy even though Plaintiff disclosed it to him–and the attorney error in not filing a reply brief, constitute excusable neglect.**

Plaintiff has included with her motion for reconsideration considerable evidence supporting her claim that she was honest in failing to disclose this action in her bankruptcy. The affidavits of Plaintiff and her bankruptcy attorney both indicate that Plaintiff had no intention to deceive anyone. Plaintiff disclosed her potential claim against Sam's Club to her bankruptcy attorney, but he chose not to include it on the petition, for a variety of reasons, including judicial economy. Because she had disclosed it, she assumed everything was in order.

When Defendant filed the motion to dismiss this case and Plaintiff became aware of her error, she immediately paid the bankruptcy attorney to reopen that case, and declared this cause of action an asset of the bankruptcy estate.

The question before this court is whether it is appropriate to even consider this new evidence in a motion to reconsider under Rule 60(b)(1). Consideration of this question

highlights an additional attorney error in this case: Plaintiff's attorney erred in (1) failing to present *all* its evidence and arguments in its briefs prior to the dismissal of the case, and (2) failing to file a reply brief, even after a specific request by the court to do so. The Tenth Circuit has held repeatedly that Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument is merely advancing new arguments or supporting facts which were available for presentation at the time of the original argument." *United Pacific Ins. Co.,* 152 F.3d at 1272 (quoting *Cashner v. Freedom Stores Inc.*, 98 F.3d 572, 577 (10th Cir. 1996); *Van Skiver*, 952 F.2d at 1243 (holding that the purpose of a motion to reconsider is not to revisit issues already addressed, nor is it to advance "new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed").

   This is precisely what Plaintiff is asking this court to do, to revisit the issue of whether or not she acted honestly and to allow her to present new arguments and supporting facts which were available for presentation when the original motions were briefed. Her failure to present her strongest case in the initial motion briefing does not necessarily entitle her to a second chance.

   However, Plaintiff's failure to present her strongest case initially is, like several other problems in this case, a direct result of attorney error or neglect. The Tenth Circuit court recently stated that in deciding whether excusable neglect has been established, all doubts should be resolved in favor of the party seeking relief. *Jennings v. Marcellus Rivers,* 394 F.3d 850, 856 (10th Cir. 2005). The court went on to say that "neglect" in this case "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."*Id.*

One important consideration in determining whether neglect is excusable is the danger of prejudice to the opposing party. *Id.* Defendant has not demonstrated any prejudice that will result from having the case reopened, while Plaintiff and her creditors could be substantially prejudiced if the case is not reopened. Another factor in determining whether the neglect is excusable is "whether the attorney attempted to correct his action promptly after discovering the mistake." *Id.* at 857. The attorneys in this case have acted promptly to correct their mistakes.

## VI.  CONCLUSION

Although this court has been frustrated with the number of attorney errors in this case, in light of the *Jennings* case, and in fairness to the Plaintiff and her creditors, the court holds that Plaintiff is entitled to relief under Rule 60(b)(1). For the foregoing reasons, Plaintiff's Motion to Reconsider is granted, the bankruptcy trustee is substituted as the real party in interest, and the case is reopened.

SO ORDERED.

DATED this 31st day of May , 2005.

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT